UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

 - against -

BRUCE GARELICK,
MICHAEL SHVARTSMAN, and
GERALD SHVARTSMAN,

    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ECF Case

No. 23 Civ. 5567 (PGG)

**THE GOVERNMENT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS
APPLICATION TO INTERVENE AND FOR A COMPLETE STAY**

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
Attorney for the United States
of America.

Nicolas Roos
Elizabeth A. Hanft
Matthew R. Shahabian
Assistant United States Attorneys
 - *Of Counsel* -

The Government respectfully submits this reply memorandum in further support of its application (i) to intervene in the above-captioned case (the "Civil Case"), pursuant to Rule 24 of the Federal Rules of Civil Procedure, and (ii) to stay this matter in its entirety until the conclusion of the parallel criminal case, *United States v. Garelick et al.*, No. 23 Cr. 307 (LJL) (the "Criminal Case").

## ARGUMENT

Defendant Michael Shvartsman's brief in opposition to the Government's motion to stay the Civil Case ("Opp.")[1] demonstrates the necessity of granting the Government's motion. The requested relief will prevent the sort of tactical gamesmanship that Shvartsman is signaling he will seek to engage in if the Civil Case is allowed to proceed. Shvartsman's brief makes the following plain. First, he will defensively invoke his Fifth Amendment right against self-incrimination if the SEC tries to depose him. (Opp. at 10). Second, notwithstanding the "massive amounts of data" that the defendants have already received in discovery in the Criminal Case that he has apparently not yet reviewed (*Id.* at 11), Shvartsman intends to offensively depose witnesses who will likely be witnesses in the Criminal Case (*Id.* at 17). Third, even while emphasizing his need to "pursue an expeditious resolution of [the Civil Case]" (Opp. at 10), he suggests—for the very first time—that the March 18, 2024 trial date for the Criminal Case will need to be adjourned because his co-defendants have new counsel and criminal discovery is too voluminous in this straightforward insider trading case. But Judge Liman told Shvartsman's same counsel at the initial conference that he "intend[s] March 18 to be a firm trial date," and that the other defendants should "[f]ind lawyers who are available on March 18." *See* Ex. FA (Criminal Case Arraignment Tr. at 25).

The upshot of Shvartsman's opposition is clear: he wants to use the Civil Case to obtain

---

[1] Defendant Bruce Garelick joins in Shvartsman's opposition. ECF No.35.

1

advantages the law precludes in the Criminal Case by deposing witnesses; hold the SEC at bay by invoking his Fifth Amendment privilege such that the SEC cannot depose him or resolve the Civil Case; and push off any trial in the Criminal Case until he has sufficiently exhausted his ability to use the Civil Case as a stalking horse for his trial defense. This is the very kind of tactical maneuvering that has led court after court in this District to grant stays of parallel civil cases pending the expeditious resolution of a pending criminal case. *See, e.g.*, *SEC v. Hwang, et al.*, No. 22 Civ. 3402 (JPO), 2023 WL 6124041, at *18-19 (S.D.N.Y. Sept. 19, 2023) (granting government's motion for a full stay of discovery of objection of defendants); *SEC v. Javice*, No. 23 Civ. 2795 (LJL), 2023 WL 4073797, at *4-8 (S.D.N.Y. June 20, 2023) (granting full stay of discovery over defendant's objection and alternative suggestion of a partial stay of discovery); *CFTC v. Alexandre*, No. 22 Civ. 3822 (VEC), Dkt. No. 160 (S.D.N.Y. Sept. 2, 2022) (granting full stay over defendant's objection and proposal to permit depositions to proceed); *SEC v. Milton*, No. 21 Civ. 6445 (AKH), Dkt. No. 40 (S.D.N.Y. Aug. 8, 2022) (granting government's motion for a full stay over defendant's objection); *SEC v. Sarshar*, No. 20 Civ. 6865 (GBD), Dkt. No. 35 (S.D.N.Y. June 3, 2021) (same); *SEC v. Carroll,* No. 19 Civ. 7199 (AT), 2020 WL 1272287, at *2-5 (S.D.N.Y. Mar. 17, 2020) (granting, over defendants' opposition, a full stay); *SEC v. Wey*, No. 15 Civ. 7116 (PKC) (S.D.N.Y. June 9, 2016) (after Government's motion for partial stay of discovery, and over objection of multiple defendants, implementing full stay of discovery, with the exception that SEC would produce testimony transcripts that had been produced in criminal case); *SEC v. Shkreli, et al.*, No. 15 Civ. 7175 (KAM), 2016 WL 1122029, at *2-7 (E.D.N.Y. Mar. 22, 2016) (granting, over defendants' opposition, a full stay); *SEC v. One or More Unknown Purchasers of Securities of Global Indus., Ltd.*, No. 11 Civ. 6500 (RA), 2012 WL 5505738, at *3 (S.D.N.Y. Nov. 9, 2012) (granting U.S. Attorney's Office request for full stay of discovery for six

2

months over defendant's objection while criminal investigation was proceeding but prior to any criminal charge). ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ This Court should grant the motion for a complete stay.

I.  **The Overlap Between the Civil Case and Criminal Case Supports a Stay**

Shvartsman does not dispute that there is essentially complete overlap between the facts and issues in the Civil Case and Criminal Case. Instead, he argues, the overlap in *timing* between the announcement of the Civil Case and the unsealing of the Criminal Case undermines the Government's ability to rely on this factor in support of a stay. (Opp. at 1-2, 6-8). But his argument is nonresponsive to the case law or its reasoning on the issue of overlap.

The question is not one of timing. Had the Government returned an indictment against the Defendant two months prior to the announcement of the Civil Case, it would have still sought the same stay, and the same overlap between the facts and issues in the two cases would have warranted a stay. Timing is a red herring. *See, e.g., SEC v. Nicholas*, 569 F. Supp. 2d 1065, 1071 (C.D. Cal. 2008) ("Upon discovering securities violations, it is the duty of the SEC to bring civil enforcement actions and seek injunctive relief to prevent continuing violations. Should the SEC forego civil enforcement proceedings in deference to criminal prosecution, numerous violations would become time-barred during the pendency of the criminal case."). Indeed, as discussed further *infra*, it is ironic that Shvartsman argues that "[i]f the U.S. Attorney's Office and the SEC choose to bring parallel civil and criminal cases close in time to each other, then each entity must

be prepared to go forward with its case on a usual schedule," when he in turn seeks to press ahead with the Civil Case while apparently preparing to delay resolution of the Criminal Case. (Opp. at 8 (quoting *S.E.C. v. Kanodia*, 153 F. Supp. 3d 479, 484 (D. Mass. 2015))).

### II. The Status of the Criminal Case and the Lack of Prejudice to the Defendants Also Supports a Stay

Shvartsman also does not respond to the legion of authority in this District that holds that when an indictment is returned against a defendant, courts will ordinarily stay civil discovery pending the prompt resolution of a pending criminal case. (Gov't Br. at 7-8 (collecting cases)). Instead, he contends, because *he* may slow down the prompt resolution of the criminal case, he can bootstrap his way into engaging in discovery in the Civil Case now. The defendant is trying to have it both ways, and that attempt should be rejected.

The Criminal Case is moving forward. The Government has already produced discovery in the criminal case—including all of the discovery it received from the SEC. Indeed, Shvartsman appears not to have reviewed that material (Opp. at 17 n.5), and complains that it is "massive," and that he is "struggl[ing] to organize it" (*Id.* at 11). The Government made discovery available to the defendants on August 31, 2023; the Defendant's motions are due in less than two months, on November 24, 2023.[3]

Shvartsman argues that "the government has no basis for representing one way or another whether [the March 18, 2024] trial date will in fact hold," and notes that the trial date was set "before two of the defendants had even engaged defense counsel." (*Id.* at 11). This assertion is contrary to the record, including the colloquy at the Criminal Case conference where Judge Liman

---

[3] The Government's statements in its opening brief that discovery was produced "two months" ago and that pretrial motions were due "shortly" were inadvertent copy/paste errors, for which the Government apologizes.

4

set the March trial date, and stated, among other things, the following:

> I should say as, Mr. Park, Gerald Shvartsman is looking for counsel; Mr. Frankel, your client is thinking whether to retain you or to retain somebody else, that whoever they retain should be told that I intend March 18 to be a firm trial date. I am not going to receive well an application by an attorney that they'd like to come into the case, but they just can't be available on March 18. Find lawyers who are available on March 18. There are a lot of really good lawyers out there.

Ex. A at 25.

Until reading Shvartsman's opposition brief in this case, the Government had no inkling that the defendant was contemplating seeking an adjournment of this "firm trial date." Ex. A at 25. To date, the defendants have not sought an adjournment of the trial date from Judge Liman. Nor is it clear why they would need to. This is a simple insider trading case with the heart of the Government's evidence outlined in a detailed speaking indictment.[4] At bottom, arguing that civil discovery must move forward so that Michael Shvartsman can "expeditiously" resolve the Civil Case is gamesmanship and is fundamentally contradicted by his position that he already has too much discovery from the Criminal Case to be prepared to try the Criminal Case on Judge Liman's "firm" trial date next March. *See also SEC v. Shkreli*, No. 15 Civ. 7175 (KAM), 2016 WL 1122029, at *6 (E.D.N.Y. Mar. 22, 2016) (granting complete stay where, *inter alia*, the Government represented that "it is ready to set a trial date," while the defense "requested time to evaluate the government's discovery and prepare for trial").

---

[4] Moreover, it is worth noting that one of the defendants who needed to retain counsel—Gerald Shvartsman—consented to the stay here. Gerald Shvartsman now takes the position that his stay is predicated on "the production by the SEC and the United States Attorney's Office of all non-privileged materials in the SEC's investigative file in this matter." ECF No. 34. The Government has produced to the defendants the entirety of the documents it has received from the SEC in this matter. A stay is warranted to obviate a unilateral burden on the SEC to prepare its own production of its investigative file until the Civil Case is underway.

5

Shvartsman instead argues that the SEC has gained an unfair advantage because, in the event he is acquitted at trial, the SEC will move forward with its civil case and a stay will put Shvartsman at a "significant informational disadvantage" compared to the SEC. (Opp. at 12 (citing *United States Sec. & Exch. Comm'n v. Gilbertson*, 16-CV-3779 (DWF/HB), 2017 WL 5172313, at *2 (D. Minn. May 12, 2017) (denying stay where "the SEC has had years to interview witnesses (including under oath) and collect documents, unfettered, while Gilbertson has not had any such opportunity."))). But this purported disadvantage has nothing to do with the stay. Shvartsman may be at a disadvantage *now* because he has not yet seen the SEC's materials (other than the "massive amounts of data," including SEC materials, that he has not yet reviewed from the Criminal Case discovery). But a stay does not put the SEC at a *greater* advantage; it leaves it in the same position—the SEC would be subject to the same stay as the defendants pending the resolution of the Criminal Case. Again, this argument is inconsistent with authority and unpersuasive. *See Milton*, 2022 WL 3156180, at *5 ("[A]llowing civil discovery to proceed could prejudice the SEC in this action because it would result in largely one-sided discovery, as Defendant would be able to notice depositions, gather scores of documents and witness testimony from the SEC, without being subjected to the same process.").

### III. The Public Interest Supports a Stay

As this Court has recognized, the Government (and the public) has a legitimate interest in ensuring the integrity of criminal proceedings—integrity protected by the careful balancing of the criminal rules regarding discovery, the Jencks Act, and the like. *See Nicholas*, 569 F. Supp. 2d at 1071-72 (granting complete stay in part because criminal discovery rules are "purposefully limited so as to prevent perjury and manufactured evidence, to protect potential witness from harassment and intimidation, and to level the playing field between the government and the defendant, who

6

would be shielded from certain discovery by the Fifth Amendment"), *cited with approval in SEC v. Curshen*, No. 08 Civ. 7893 (PGG), 2013 WL 411367, at *2 (S.D.N.Y. Feb. 1, 2013).





Moreover, by the Government's conservative estimate, it is likely that at least eleven potential witnesses in this case could or would invoke their Fifth Amendment rights against self-incrimination if the Defendant sought to depose them—including many witnesses not named but referenced in the Indictment in the Criminal Case. Accordingly, "there is a high likelihood that invocations of the Fifth Amendment privilege will play havoc with the orderly conduct" of

7

depositions in this case. *SEC v. Saad*, 229 F.R.D. 90, 91 (S.D.N.Y. 2005). The Government's motion to stay is not about seeking a tactical advantage; it is about preserving the truth-seeking function of a criminal trial.

### IV.    *Saad* and *Chakrapani* Are Inapposite

Shvartsman relies heavily on Judge Rakoff's opinion in *Saad* and Judge Sullivan's opinion in *Chakrapani* to argue that a complete stay is inappropriate here. Neither citation is apposite. Starting with *Saad*, there, the defendants made a representation at the outset of the case that they would not invoke their act of production privilege in document discovery. *Id.* at 92. Shvartsman has made no similar representation here, to the contrary, he states cryptically that "this Court is more than capable of tailoring discovery to protect legitimate and specific concerns, such as the Fifth Amendment concerns witnesses and Defendant may invoke." (Opp. at 10; *accord* at 17). What Shvartsman seeks is the one-sided, asymmetrical discovery that courts in this District regularly enjoin. (Gov't Br. at 1-2 (collecting cases)).

Second, *Saad* focused on whether certain third-party notes of cooperating witness conversations would be turned over "a month or two sooner than [the defendants] would otherwise receive them." 229 F.R.D. at 92. By contrast, here Shvartsman attempts to leave himself the full ability to engage in civil discovery, keep the SEC at bay, and delay the resolution of the Criminal Case for as long as possible. Third, *Saad* and *Chakrapani* did not address a case, like this one, ████████████████████████████████████████████████ and moreover many unindicted potential coconspirators and Government witnesses who have not been named as defendants in either the Criminal or Civil Cases and whose invocation of their Fifth Amendment rights will complicate any civil discovery efforts. *See SEC v. Chakrapani*, Nos. 09 Civ. 325 (RJS), 09 Civ. 1043 (RJS), 2010 WL 2605819, at *11 (S.D.N.Y. June 29, 2010) (noting witnesses had

not yet invoked).

Finally, the Defendant's suggestion that *Saad* represents settled authority that stays of parallel SEC actions should not be stayed (*see, e.g.*, Opp. at 1-2) is simply wrong. Indeed, while the Defendant asserts that there are "myriad decisions since that have cited *Saad* with approval by district judges all over the country" (*id.* at 2; *see also id.* at 7-8 (citing three out-of-district decisions relying on *Saad*)), the fact is that courts in this District have consistently not followed *Saad* and instead have stayed parallel SEC actions over the objection of defendants. *See, e.g.*, *Hwang*, 2023 WL 6124041, at *18-19; *Javice*, 2023 WL 4073797, at *4-8; *Alexandre*, Dkt. No. 160; *Milton*, Dkt. No. 40; *Sarshar*, Dkt. No. 35; *Carroll*, 2020 WL 1272287, at *2-5; *see also SEC v. Lewis*, 23 Civ. 6438 (CM), Dkt. No. 28 (S.D.N.Y. Sept. 25, 2023) ("Of course I am going to stay the trailing civil action until the criminal case is resolved.").

## CONCLUSION

For the reasons set forth above and in its moving papers, the Government respectfully requests that its application to intervene and to stay the Civil Case in its entirety be granted.

Dated: New York, New York
   September 29, 2023

          Respectfully submitted,

          DAMIAN WILLIAMS
          United States Attorney

    By:  /s/
          Nicolas Roos
          Elizabeth A. Hanft
          Matthew R. Shahabian
          Assistant United States Attorneys
          One Saint Andrew's Plaza
          New York, New York 10007
          Telephone: (212) 637-2421/-2334/-1046