

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
WASHINGTON, D.C. 20549

March 28, 2025

**VIA ECF**

Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, New York 10007

    Re:    *SEC v. Bruce Garelick, et al.*, No. 23 CV 5567 (PGG)

Dear Judge Gardephe:

    Plaintiff Securities and Exchange Commission (the "Commission") respectfully submits this letter to notify the Court that it has reached a settlement with Defendant Gerald Shvartsman and to ask the Court to reopen the matter as to Gerald Shvartsman for the limited purpose of approving that settlement and entering a final judgment as to him. If approved by this Court, the consent judgment would resolve the Commission's claims against Gerald Shvartsman. Gerald Shvartsman's executed Consent is attached as Exhibit 1 to this letter; the proposed Final Judgment as to Gerald Shvartsman is attached as Exhibit 2. The Commission respectfully submits this letter in support of its request that the Court enter the proposed consented-to Final Judgment.

    Among other things, the Final Judgment as to Gerald Shvartsman would: (1) permanently enjoin him from violating Sections 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 thereunder; (2) order Gerald Shvartsman to pay disgorgement in the amount of $4,640,325.25, but deem that obligation satisfied by the entry of the forfeiture order in the related criminal case, No. 23-CR-307-LJL (S.D.N.Y.). The Commission has reviewed and approved the terms of the settlement, as reflected in the attached Consent and proposed Final Judgment. Gerald Shvartsman has agreed to the terms of the Final Judgment.

    The Court should approve the proposed Final Judgment because it is fair and reasonable and do not disserve the public interest. *See SEC v. Citigroup Global Markets, Inc.*, 752 F.3d 285, 293-96 (2d Cir. 2014). The proposed Final Judgment is "within the Court's authority to enter . . . and within Plaintiff's authority to enforce . . . ." *United States v. IBM, Corp.*, No. 14-Civ-936, 2014 WL 3057960, at *2 (S.D.N.Y. July 7, 2014). Moreover, absent a "substantial basis in the record for concluding that the proposed

1

consent decree" is not fair, not reasonable, or would disserve the public interest, "the district court is required to enter the order[s]." *Citigroup*, 752 F.3d at 294.

      The Commission therefore respectfully requests that the Court approve and enter the parties' proposed Final Judgment, attached as Exhibit 2.

                                              Respectfully submitted,
                                              __/s/ *John B. Timmer*_____
                                              John B. Timmer
                                              Counsel for Plaintiff
                                              Securities and Exchange Commission
                                              100 F Street NE
CC: All counsel of record (via ECF)      Washington, DC 20549